UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ANGSTMAN; TRACEY ANGSTMAN; S.A., a minor, by and through his GUARDIAN AD LITEM KRISTINE ANGSTMAN; S.A., a minor, by and through her GUARDIAN AD LITEM KRISTINE ANGSTMAN<br><br>                Plaintiffs,<br><br>v.<br><br>CARLSBAD SEAPOINT RESORT II, L.P., *et al.*,<br><br>                Defendants. | Civil No. 11cv62 L(WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [doc. #9]** |

Defendants move to dismiss this action. The motion has been fully briefed and considered on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**1.  Background**

Plaintiffs are owners in a timeshare company which allows them to participate in a vacation exchange system at affiliated resorts around the world. They booked a week-long stay at the Carlsbad Seapointe Resort through defendant RCI, LLC. Prior to their arrival at the resort, they were informed that the resort included an "adults only pool" but the parents nevertheless arrived for their vacation stay with their two minor children. A separate pool for families with children is available at the resort. The resort also prohibits unaccompanied children under the

age of 12 years from using any of the exercise rooms.

Plaintiffs allege that their entire stay at the resort resulted in extreme stress upon their family because of the discriminatory rules and policies concerning the use of the adult pool and weight room. In their complaint, plaintiffs allege causes of action for violation of (1) the Fair Housing Act; (2) the California Fair Employment and Housing Act; (3) the California Unruh Civil Rights Act; and (4) negligence.

Defendants move to dismiss the action arguing that a vacation time-share is not a "dwelling" under the FHA or the FEHA, the policies at issue are not unreasonable, arbitrary or invidious under the Unruh Act, and the negligence claim is derivative of the other causes of action.

**2.     Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir .1988). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks, brackets and citations omitted). In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must determine whether the complaint alleges a plausible claim to relief. *See Ashcroft v. Iqbal* 129 S. Ct 1937, 1950 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(A complaint cannot survive a motion to dismiss unless it provides "sufficient factual matter, . . . to 'state a claim to relief that is plausible on its

face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 1949. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In addition to factual insufficiency, a complaint is also subject to dismissal under Rule 12(b)(6) where it lacks a cognizable legal theory, *Balistreri*, 901 F.2d at 699, or where the allegations on their face "show that relief is barred" for some legal reason, *Jones v. Bock*, 549 U.S. 199, 215 (2007). Thus, a claim may be dismiss under Federal Rule of Civil Procedure 12(b)(6) if on its face there appears some legal impediment to the claim. *Jones*, 549 U.S. at 215.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**3.     Fair Housing Act**

Defendants argue that the complaint does not set forth a claim for relief under the FHA because a vacation timeshare arrangement as pleaded is not a dwelling as required under the statute. The Court concurs.

Section 3604(b) of the FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a *dwelling*, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b) (emphasis added)  The regulations implementing the FHA further provide that it is unlawful to "limit" the use of "privileges, services, or facilities associated with a dwelling because . . . of familial status. . . . " 24 C.F.R. § 100.65(b)(4).  "Familial status" is defined as "one or more individuals" under the age of 18 being domiciled with a parent or another person having legal custody of those individuals, or with the designee of such parent of person having legal custody, with the written permission of such parent or other person. 42

U.S.C. § 3602(k). The federal FHA broadly applies to all public and private sales and rentals of "dwellings" *i.e.*, any building, structure or portion thereof occupied, or intended for occupancy, *as a residence*. 42 USC § 3602(b)(emphasis added). It thus prohibits "familial status" discrimination in ordinary housing rentals but not a hotel, motel or resort that is not occupied or intended for occupancy as a residence. *See e.g., United States v. Warwick Mobile Homes Estates, Inc.* 537 F2d 1148, 1149 (4th Cir. 1976); *Patel v. Holley House Motels* 483 F. Supp. 374, 381 (S.D. Ala. 1979) (small commercial motel not occupied as a residence, not a "dwelling" subject to FHA).

Plaintiffs argue that the Preamble to HUD and a single case *Louisiana ACORN Fair Housing v. Quarter House, Oak Ridge Park, Inc.*, 952 F. Supp 352 (E.D. La. 1997) supports finding that their timeshare is subject to the FHA.

The *Louisiana ACORN* case involved the sale of timeshare units. In considering whether the FHA was applicable to the timeshares at issue, the court first looked to the Preamble to Regulations issued in 1988 by HUD that stated that § 3602 was "'broad enough to cover each of the types of dwellings enumerated in the proposed rule: mobile home parks, trailer courts, condominiums, cooperatives, and timesharing properties.' Preamble I, 24 C.F.R. Ch. 1, Subch. A, App. I, 54 Fed. Reg. 3232, 3238 (Jan. 23, 1989)." *Id.* at 358. Although the court noted that the term "dwelling" was broad enough to be construed to include timeshare properties under the Preamble, it was necessary to further consider specific facts in making a determination of whether timeshares were dwellings.

After reviewing case law that addressed whether certain residential arrangements are considered dwellings within the FHA., the court set forth the facts that allowed it to find that the timeshare units at issue fell within the definition of "dwelling" under the FHA:

> Here, purchasers of a Quarter House unit do not purchase a one night stay at a motel but instead possess the right to return every year to the same residential unit until 2032. There is no limit on the number of weeks in a unit that a Quarter House resident can purchase, and like any other property owner, Quarter House residents pay a mortgage and taxes on their property.

*Id.* at 359.

Although plaintiffs would like to read the *Louisiana ACORN* case as requiring the Court to find their timeshare arrangement a "dwelling" within the meaning of the FHA, it merely

points out that under certain specific factual circumstances, a timeshare may fall within FHA. But just as the *Louisiana ACORN* court did, other courts considering whether a residential arrangement is "dwelling" for purposes of FHA look to whether the arrangement is one to which a person intends to return, as distinguished from place of temporary sojourn or a transient visit. There has been no case presented or found where the FHA was applied in the context of non-resident hotels and resorts such as the timeshare arrangement plaintiffs own here.

Although the FHA must be interpreted broadly to effectuate its purposes, and the statute represents a "strong national commitment to promote integrated housing." *Linmark Associates, Inc. v. Township of Willingboro*, 431 U.S. 85, 95 (1977), applying the FHA to a vacation timeshare situation such as alleged here is neither reasonable or legally defensible. To construe the FHA concept of "dwelling" to encompass a vacation timeshare where the plaintiffs do not own or pay taxes on the property or stay at the resort for an extended period of time, or consider the week-long stay to be anything other than a vacation accommodation, is to stretch the term "dwelling" far beyond the statute's intent. Given the facts of this case as pleaded by plaintiffs, this is not the type of situation to expand the notion of dwelling to encompass their claim.

Because the FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling" and a vacation timeshare arrangement is not a dwelling as defined in the statute, plaintiffs have failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). Further, because plaintiffs cannot cure this deficiency, the FHA will be dismissed with prejudice.

4. **Fair Employment and Housing Act**

FEHA, Government Code § 12995, is part of California's statutory scheme to ensure fair employment and housing practices. It is unlawful under FEHA discriminate in housing accommodations because of familial status which is what plaintiffs allege in this cause of action.

FEHA defines a "housing accommodation" as "any building, structure, or portion thereof that is *occupied as, or intended for occupancy as, a residence* by one or more families." CAL. GOV. CODE § 12927(d)(emphasis added). California courts rely on federal housing discrimination laws to interpret analogous provisions of California Fair Employment and

Housing Act. § 12955.

Like a "dwelling" under the FHA, a "housing accommodation" under FEHA does not include a timeshare resort that is occupied for a temporary vacation stay. Because the FEHA claim on its face shows that relief is unavailable under the facts pleaded, the Court will dismiss with prejudice  plaintiffs' FEHA claim for failing to statute a claim.

**5.      UNRUH Unruh Civil Rights Act, Civil Code section 51 et seq.**

Unlike FHA or FEHA, the Unruh Act is applicable to "all business establishments of every kind whatsoever." CIV. CODE  51(b). A timeshare arrangement is a business within the provisions of the Unruh Civil Rights Act.

Further, the Unruh Act is to be given a liberal construction with a view to effectuating its purposes. *Sisemore v. Master Financial, Inc,*. 60 Cal. Rptr.3d 719  (Cal. Ct. App. 2007) But "the Unruh Act does not entirely prohibit businesses from drawing distinctions on the basis of the protected classifications or personal characteristics;  rather, '[t]he objective of the Act is to prohibit businesses from engaging in unreasonable, arbitrary or invidious discrimination." *Howe v. Bank of America N.A.*, 179 Cal. App.4th 1443, 1450 (2009)(quoting *Sunrise Country Club Assn. v. Proud*190 Cal. App.3d 377, 381 (1987)). "[C]ertain types of discrimination have been denominated 'reasonable' and, therefore, not arbitrary." *Id.* (quoting *Koire v. Metro Car Wash*, 40 Cal.3d 24, 30 (1985).

Defendants argue the Unruh Act claim must be dismissed because the policies and rules at issue here are neither unreasonable, arbitrary or invidious. Although California courts have concluded that reasonable restrictions may be put in place so long as the restrictions are rationally related to the services performed and the facilities provided, whether the policies in this case are reasonable, not arbitrary or not invidious under the Unruh Act is a question that cannot be addressed in a motion to dismiss. *Twombly*, 550 U.S. at 556 ("a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'")  Here, plaintiffs have appropriately pleaded a Unruh claim.

/ / /

**6.     Negligence**

Plaintiffs' negligence claim is premised upon defendants' alleged failure to hire, traun, supervise or discipline or terminate employees who failed to comply with the requirements of state and federal fair housing laws. As defendants argue, the negligence claim is derivative of the other causes of action in this case. Because plaintiffs fail to state a claim under the FHA or the FEHA, the negligence claim based upon these statutes must fail. But as discussed above, as unlikely as it may be that plaintiffs can prove an Unruh Act violation, they have adequately stated a claim under Federal Rules of Civil Procedure 8 and 12(b)(6). Accordingly, the negligence claim survives but only as to plaintiffs' Unruh Act claim.

**7.     Conclusion**

Based on the foregoing, **IT IS ORDERED:**

1.     Granting defendants' motion to dismiss plaintiffs' FHA and FEHA causes of action with prejudice and negligence claim as it relates to the FHA and FEHA claims;

2.     Denying defendants' motion to dismiss plaintiffs' Unruh Act claim and negligence claim as to the Unruh Act claim; and

3.     Requiring defendants to answer plaintiffs' complaint within the time provided in the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: May 23, 2011

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM McCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL